IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TAVIS MOTEN,**

                **Plaintiff,**

      v.                        CASE NO. 06-3270-SAC

**L. MADDOX,**

                **Defendants.**

<u>MEMORANDUM AND ORDER</u>

This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (ECF). The named defendant is L. Maddox, "SST-CO1" at ECF.

<u>**INITIAL PARTIAL FILING FEE REQUIRED**</u>

Plaintiff has also filed a motion for leave to proceed without prepayment of fees (Doc. 2), and attached an Inmate Account Statement in support as statutorily mandated. Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $52.79 and the average monthly balance is $47.57. The court therefore assesses an initial partial filing fee of $10.50, twenty percent of the average monthly deposits, rounded to the lower half dollar. Plaintiff shall be given twenty (20) days to submit the initial partial filing fee

of $10.50 in this case[1]. If he fails to submit the partial fee as ordered, this action may be dismissed without further notice.

**SCREENING**

Because Mr. Moten is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for failure to state a claim.

### 1. ALLEGATIONS AND CLAIMS

As the basis for his complaint, plaintiff alleges that on June 4, 2006, he was "choking and having medical problems" when he was "accosted," hand-cuffed, and threatened for allegedly refusing to answer defendant. Plaintiff complains that defendant Correctional Officer Maddox "simply assisted him to a chair" instead of administering CPR or obtaining medical assistance for him; and "allowed (him) to choke and suffer" while defendant contacted two other officers. He also alleges defendant threatened him with mace and violence. He further alleges he was taken to a closet and strip searched, and was ultimately issued a disciplinary report for disobeying orders and for dangerous contraband.

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account when funds become available as authorized by 28 U.S.C. §1915(b)(2).

Mr. Moten alleges he has a serious medical problem in that he had been diagnosed as an anemic, with low magnesium, high potassium and kidney problems. He claims his condition was "one that should have been noticed" due to his physical appearance, and his long history of medical problems. He cites prison medical records and lab reports dated June 28, 2006, and later and a "Wesley Medical Center Summary Note" as providing he had "drug induced anemia," and has received blood transfusions. The only reference to his kidneys in the cited records indicates they were normal on August 11, 2006.

Plaintiff asserts defendant Maddox: (1) violated IMPP 10-121(4)(B) and IMPP 2-118(J) by failing to administer CPR; (2) violated IMPP 2-118(4)(B)(1) and breached the IMPP Code of Ethics of KDOC employees, requiring employees to maintain a courteous, respectful and professional demeanor, and not create a hostile environment when dealing with inmates; (3) violated K.S.A. 21-3425, concerning the mistreatment of a confined person; and (4) violated General Order 14-106(5)(A) by not obtaining immediate medical assistance; and (5) committed a crime. Plaintiff also claims defendant displayed deliberate indifference by failing to obtain immediate medical attention for him and cites <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976) and the Eighth Amendment. He further claims defendant Maddox infringed his "liberty interest" not to be subjected to cruel and unusual punishment, which he asserts was created by mandatory language in the cited Kansas rules and regulations.

Plaintiff seeks a declaration that defendant intentionally violated his Eighth Amendment rights; an injunction dismissing

3

defendant from KDOC employment; "disciplinary actions[2];" a restraining order against retaliation; and compensatory, exemplary, and punitive damages with expenses.

## 2.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff alleges he sought administrative relief by filing a "Form 9 seeking resolution," filing a grievance to Unit Manager, appealed grievance responses to Warden Roberts, and appealed Warden Roberts' response to the Secretary of Corrections. He exhibits the original of a grievance filed by him, the Unit Team response to that grievance dated June 8, 2006, and the Warden's response to his appeal, dated June 19, 2006.

Mr. Moten's administrative grievance on this incident fills in some factual detail, and thus serves one of the purposes of requiring exhaustion of administrative remedies. In his grievance, plaintiff alleged he was leaving the kitchen for a break, when he was called over by defendant Maddox for a pat search. He complained he was searched over and over again, and nothing was found, but when Maddox asked him to open his mouth, he started hyperventilating and choking and felt he was going to pass out. He complained that instead of calling for medical assistance, defendant Maddox attempted to spray him with mace, and he was placed in restraints. He states he was taken to the "restroom in the guard shack" where he was strip searched, and nothing was found until tobacco somehow

---

[2] There is no way to tell what plaintiff means by "disciplinary actions" in his claim for relief. He may seek relief from the disciplinary action and sanctions against him arising from this incident, or he might be asking that disciplinary actions be imposed against defendant, or he might mean something entirely different. The court cannot grant this relief because it is not at all clear what is sought.

4

ended up in his shirt.  He complained that facility procedures were not followed, and stated there "was a medical issue."  He questioned how something thought to be in his mouth got into his shirt.  The Unit Team member responding to the grievance, declined to address facts that would be considered in plaintiff's disciplinary hearing, but noted the officers presented a different story.  Plaintiff's appeal to the Secretary of Corrections (SOC) is also exhibited and contains the allegations made in his complaint of violations of various prison regulations and state law as well as denial of due process and Eighth Amendment rights.  Plaintiff requested that the disciplinary sanctions imposed be overturned.  On July 28, 2006, the SOC response incorporated the response to Mr. Moten by EDCF staff, and found no evidence or argument was offered by plaintiff suggesting the facility's response was wrong.  The court finds at this juncture that plaintiff has adequately pleaded exhaustion of administrative remedies.

### 3.   **FAILURE TO STATE CLAIM**

Several of plaintiff's claims are alleged violations of state laws and prison regulations.  Such claims do not rise to the level of federal constitutional violations, and therefore state no claim under 42 U.S.C. 1983.

Alleged violations of the Eight Amendment and the Due Process Clause are grounds for relief under Section 1983.  However, Mr. Moten does not allege sufficient facts to support these claims.

The Eighth Amendment provides, "Excessive bail shall not be required, . . . nor cruel and unusual punishments inflicted."  U.S. Const.Amend. VIII.  Deliberate indifference to serious medical needs

5

of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care. <u>Id</u>. at 104-05. This does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. <u>Id</u>. at 105.

In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. <u>Id</u>. at 106. "Deliberate indifference" involves "both an objective and a subjective component." <u>Sealock v. Colorado</u>, 218 F.3d 1205, 1209 (10th Cir. 2000); <u>Martinez v. Garden</u>, 430 F.3d 1302, 1304-05 (10th Cir. 2005). The objective component is met if the deprivation is "sufficiently serious." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, (1994). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Sealock</u>, 218 F.3d at 1209. "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." <u>Farmer</u>, 511 U.S. at 831-33. In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Martinez</u>, 430 F.3d at 1305; <u>Riddle v. Mondragon</u>, 83 F.3d 1197, 1204 (10th Cir. 1996). "[A]n inadvertent

failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain,' or to be 'repugnant to the conscience of mankind,'" so as to fall afoul of the Eighth Amendment. Estelle, 429 U.S. at 104. Thus, accidental failure to provide adequate medical care, or negligent diagnosis of a medical problem or negligent treatment do not constitute a medical wrong under the Eighth Amendment.

Plaintiff claims defendant's failure to call for immediate medical assistance or administer CPR while he was choking constituted cruel and unusual punishment in violation of the Eighth Amendment. In support of his Eighth Amendment claim, plaintiff argues he has satisfied the objective component with his allegations regarding his medical history and the choking incident. Plaintiff's sparse factual allegations about the choking incident do not establish the objective prong. Neither Mr. Moten's complaint that defendant handled his choking by having him sit down, nor defendant's failure to provide CPR or immediate medical attention, even taken as true rise to the level of cruel and unusual punishment for a choking episode which is not described in any detail. It is apparent from plaintiff's other allegations and exhibits that an attempt was being made to search him for contraband possibly in his mouth.

Plaintiff's conditions mentioned in his medical records may be serious under the foregoing standards, and a lay person might be expected to recognize his need for medical attention for those conditions. However, plaintiff does not allege how defendant Maddox denied him treatment for these particular conditions. Nor does he allege any connection between the diagnosed medical conditions, and

7

the choking incident upon which the complaint is based. He alleges no facts indicating he was suffering from one of his serious medical conditions at the time of the alleged incident involving defendant Maddox. He also alleges no facts indicating that the choking he suffered required more under the circumstances than what occurred.

Moreover, even if plaintiff were able to establish a serious medical need at the time of the incident, in order to proceed with his Eighth Amendment claim, he must also demonstrate deliberate indifference on the part of defendant Maddox. To satisfy the subjective component, plaintiff alleges that "officers" have a bad attitude at ECF, and defendant Maddox had "his mind made up that Mr. Moten was lying and faking an illness." He also claims defendant is a member of a special security team that has a reputation of harassment and using excessive force.

Plaintiff's allegations fail to demonstrate that defendant acted with a sufficiently culpable state of mind to constitute a violation of the Eighth Amendment. His general statements that officers at ECF have bad attitudes and reputations for harassment and use of excessive force are completely conclusory and do not allege acts on the part of defendant Maddox or any individual. His allegation that Maddox had made up his mind Mr. Moten was lying and faking are speculative at best, and certainly not evidence of a culpable state of mind.

None of the other facts alleged by plaintiff in his complaint or his administrative grievance indicate that defendant Maddox acted deliberately or did anything more than inadvertently or negligently fail to provide CPR or call for immediate attention for plaintiff's choking. Mere negligence does not violate the United States

8

Constitution's prohibition against deliberate indifference to a prisoner's serious medical needs. See Whitley v. Albers, 475 U.S. 312, 319 (1986). Moreover, plaintiff alleges no injury whatsoever as having resulted from defendant's failure to administer CPR or call for medical assistance.

Furthermore, a prisoner's difference of opinion regarding the treatment he received during a medical incident will not support a claim of cruel and unusual punishment. Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993); Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993). Plaintiff may believe that the best course of treatment for his choking was CPR or immediate medical attention. However, plaintiff's view alone - in contrast to that of defendant Correctional Officer Maddox as to what was appropriate and adequate under the circumstances - does not sufficiently state a claim for denial of adequate medical care. Plaintiff has failed to offer more in support of his claims than his bare allegations and belief that a different course of treatment was required. Consequently, his allegations do not state a constitutional violation.

Plaintiff's claim of a denial of due process is not supported by any factual allegations whatsoever.

Even giving plaintiff's complaint the liberal construction it deserves, plaintiff's claims and factual averments are insufficient to state a claim of constitutional violation. Plaintiff shall be given twenty (20) days in which to show cause why this complaint should not be dismissed for failure to state a claim. If plaintiff fails to submit the partial filing fee and respond to this order in the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to submit an initial partial filing fee of $10.50; and in which to show cause why this action should not be dismissed for failure to state a claim for the reasons stated herein.

**IT IS SO ORDERED**.

Dated this 24th day of October, 2006, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge