IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAVIS MOTEN,

              Plaintiff,

    v.                         CASE NO.  06-3270-SAC

L. MADDOX, et al.,

              Defendants.

**O R D E R**

      This civil rights complaint, 42 U.S.C. 1983, was filed pro se by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (ECF).  Upon screening the materials filed, this court entered a Memorandum and Order on October 24, 2006 (Doc. 6), requiring plaintiff to submit an initial partial filing fee of $10.50 and to show cause why the complaint should not be dismissed for failure to state a claim[1] for the reasons stated therein.

      Plaintiff has since paid the initial partial filing fee as ordered, and filed a Motion to Withdraw Motion to Appoint Counsel (Doc. 7), which shall be granted.  He has also filed a Motion to Amend Petition (Doc. 8) with an amended complaint attached; and a motion for issuance of summons (Doc. 9).  Having considered all materials filed by plaintiff including his amended complaint, the

---

[1] Because Mr. Moten is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b).

court finds plaintiff still fails to state a claim, and concludes this action must be dismissed.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

In its prior Memorandum and Order the court set forth the basis for Mr. Moten's complaint, including his allegations that on June 4, 2006, he was "choking and having medical problems" when he was "accosted" and hand-cuffed for allegedly refusing to answer defendant Correctional Officer Maddox.  He complained that Maddox "simply assisted him to a chair" instead of administering CPR or obtaining medical assistance for him; "allowed (plaintiff) to choke and suffer" while he contacted other officers; and threatened him with mace and violence.  He further complained he was strip searched without proper authorization.  As previously noted, it is apparent from plaintiff's other allegations and exhibits that this incident arose while defendant Maddox attempted to search plaintiff for contraband first on his person and then in his mouth[2].  Plaintiff was eventually charged with and found guilty of

---

[2] As noted in the prior order, Mr. Moten's administrative grievance on this incident exhibited by him indicates he was leaving the kitchen for a work break, when he was called over by defendant Maddox for a pat search.  He alleged he was searched over and over again, and nothing was found, but when Maddox asked him to open his mouth, he started hyperventilating and choking and felt he was going to pass out.  He complained that defendant Maddox attempted to spray him with mace and placed him in restraints instead of calling for medical assistance.  He stated he was strip searched, and nothing was found until tobacco somehow ended up in his shirt.  The Unit Team member responding to the grievance declined to address facts that would be considered in plaintiff's disciplinary hearing, but noted the officers presented a different story.  Plaintiff's request that the disciplinary sanctions imposed be overturned was denied.  This court found plaintiff had adequately pleaded exhaustion of administrative remedies.

disobeying orders and dangerous contraband.

Plaintiff asserted defendant Maddox violated prison policies, Kansas statutes, and a General Order as well as committed assault. He also claimed defendant Maddox displayed deliberate indifference by failing to obtain immediate medical attention for him and cited Estelle v. Gamble, 429 U.S. 97 (1976) and the Eighth Amendment, and infringed his "liberty interest" not to be subjected to cruel and unusual punishment. Plaintiff sought money damages, and other relief such as termination of defendant's employment with KDOC, and a restraining order against retaliation. In his amended complaint, Mr. Moten seeks damages, and declaratory and injunctive relief "to improve medical conditions within the KDOC" and to prevent reprisal.

**STATE LAW CLAIMS**

Plaintiff was informed in the court's show cause order that his several claimed violations of state laws and prison regulations do not rise to the level of federal constitutional violations, and therefore state no claim under 42 U.S.C. 1983. Plaintiff continues to cite state laws and a prison regulation in his amended complaint. The court finds these claims must be dismissed for failure to state a claim. The court additionally finds plaintiff alleges no facts in support of his conclusory claim of assault.

**CONSTITUTIONAL CLAIMS**

Plaintiff was also informed in the court's show cause order that he alleged insufficient facts to support his claimed violations of the Eight Amendment and none to support his claim of a violation of the Due Process Clause. The court set forth the legal standards for an Eighth Amendment claim and specifically found neither defendant's response to plaintiff's choking (or hyperventilating) of having him sit down, nor defendant's failure to provide CPR or immediate medical attention instead, even taken as true, rose to the level of cruel and unusual punishment, particularly since the choking episode is not described in any detail. Plaintiff did not respond by supplying factual allegations or materials describing any additional symptoms presented at the time of the incident, which might establish the objective prong of the cruel and unusual punishment test.

While plaintiff continues to cite his long history of medical problems in his amended complaint, he still fails to allege any connection between the diagnosed medical conditions, and the choking incident upon which the complaint is based. He alleges no facts indicating he was suffering from one of his serious medical conditions at the time of the alleged incident or explain why defendant's awareness of those medical conditions required him to seek medical attention in this instance. On the other hand, plaintiff alleges he has received treatment and medication throughout his confinement for his long-term medical conditions. The court concludes plaintiff simply alleges no facts indicating that his choking while having his mouth searched for contraband

4

required more under the circumstances than what was provided.

Plaintiff was advised in the prior order that to proceed with his Eighth Amendment claim, he must allege facts demonstrating deliberate indifference and a culpable state of mind on the part of defendant Maddox. The court noted the insufficiency in this regard of plaintiff's conclusory allegations that "officers" have a bad attitude at ECF, defendant Maddox had "his mind made up that Mr. Moten was lying and faking an illness," and that Maddox was a member of a special security team with a reputation of harassment and using excessive force. Plaintiff did not respond to the court's show cause order by submitting additional factual allegations indicating Maddox acted with deliberate indifference or a culpable state of mind. Instead, Mr. Moten names additional defendants in his amended complaint, and ascribes guilt to them based upon their alleged duties to supervise or oversee other employees. No personal participation in denying medical treatment is alleged on the parts of the added defendants. It is well-settled that defendants may not be held liable for money damages under 42 U.S.C. 1983 on the basis of their supervisory capacity alone. The court concludes plaintiff fails to allege facts indicating any named defendant was deliberately indifferent to his obvious, serious medical needs during the choking incident.

As the court stated in its prior Memorandum and Order, "None of the other facts alleged by plaintiff in his complaint or his administrative grievance indicate that defendant Maddox acted deliberately or did anything more than inadvertently or negligently

5

fail to provide CPR or call for immediate attention for plaintiff's choking." Plaintiff was advised that mere negligence does not amount to cruel and unusual punishment. The court also found plaintiff alleged no injury whatsoever as having resulted from defendant's failure to administer CPR or call for medical assistance. Plaintiff refers in his amended complaint to a "total blood transfusion" he received at Wesley Medical Center, but the only other mention of this treatment indicates it occurred in August, 2006, long after the incident. Plaintiff alleges no facts suggesting this treatment was necessitated by the choking incident, rather than his chronic drug-induced anemia or other pre-existing conditions. Furthermore, plaintiff was informed he had failed to offer more in support of his claims than his belief that a different course of treatment was required. His amended complaint does not allege any additional facts indicating more than mere negligence or his disagreement with the treatment provided.

In his amended complaint, plaintiff attempts to add facts in support his claim of denial of due process, and a conclusory claim of denial of equal protection. In support, he alleges defendants violated prison regulations by strip searching him without prior authorization. The court reiterates a claim that defendants have violated state prison regulations does not amount to a federal constitutional violation.

The court concludes for the foregoing reasons and those stated in its prior Memorandum and Order that even giving plaintiff's pro se complaint, as amended, the liberal construction

6

it deserves, plaintiff's claims and factual averments are insufficient to state a claim of constitutional violation.

**IT IS THEREFORE ORDERED** that plaintiff's motions for leave to proceed in forma pauperis (Docs. 2 & 3) are granted[3]; plaintiff's motion to withdraw his motion to appoint counsel (Doc. 7) is granted; plaintiff's motion to appoint counsel (Doc. 4) is deemed withdrawn and is denied without prejudice; plaintiff's motion to amend complaint (Doc. 8) is granted and the attached amended complaint is considered as filed herein; and plaintiff's motion for issuance of summons (Doc. 9) is denied.

**IT IS FURTHER ORDERED** that this action is dismissed for failure to state a claim, 28 U.S.C. 1915A(b)(1).

The clerk is directed to transmit a copy of this Order to the financial officer of the institution in which plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 27th day of March, 2007, at Topeka, Kansas.

---

[3] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full district court filing fee which is currently $350.00 in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the remainder of the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge
